In re Thomas A. ASHLEY, Odetta J. Ashley, Debtors.

BANK OF DELAWARE, Plaintiff,

v.

Thomas A. ASHLEY, Odetta J. Ashley, and Kevin O'Donnell, Esq., Trustee, Defendants.

Bankruptcy No. 81–2–2207.
Adv. No. 81–95.

United States Bankruptcy Court, D. Delaware.

March 5, 1982.

Edward L. Burge, Wilmington, Del., for Bank of Delaware.

Kevin Patrick O'Donnell, Towson, Md., Trustee.

V. Michael Whelan, Elkton, Md., for debtors.

## MEMORANDUM DECISION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Thomas and Odetta Ashley who live in Port Deposit Maryland filed a Chapter 7 proceeding in the District of Maryland on July 2, 1981. The Bank of Delaware claims a perfected security interest in a 1980 Chevrolet Pickup Truck in the Ashley's possession. The Bank's complaint asking for relief from stay to proceed against the truck was filed in the District of Delaware. The Ashleys have objected to this court's jurisdiction.

The bankruptcy courts' jurisdictional grant appears as Chapter 90 in title 28 of the United States Code. Section 1471(a) and (b) gives to each and every district court original and exclusive jurisdiction over all bankruptcy cases as well as original, but not exclusive, jurisdiction over all civil proceedings arising under, in or related to cases under title 11 (bankruptcy cases). It is the bankruptcy court of the district where a bankruptcy case is commenced that exercises all of this jurisdiction (§ 1471(c)). What subsections (a)-(c) do for title 11 cases and civil proceedings, subsection (e) does for property; that is, it leaves no doubt as to the jurisdictional reach of the bankruptcy court in which the case is pending over property of the debtor that becomes property of the estate. These subsections reflect the Congressional intent that bankruptcy courts have comprehensive jurisdiction to handle everything that arises within a bankruptcy case.

Section 362(d) of title 11 provides the method for relief from the automatic stay imposed by § 362(a). A complaint filed by a secured creditor under subsection (d) is a civil proceeding arising under title 11 in a title 11 case. Thus, a bankruptcy court has subject matter jurisdiction.

The question then is one of venue. In accordance with the venue provisions of 28 U.S.C. § 1472(1), the Ashleys filed their petition in the district where they live. Under the plain language of § 1471(e), the Bankruptcy Court for the District of Maryland has exclusive jurisdiction over all of debtors' property. The Bank argues that Congress could not have meant what it said because a literal interpretation makes much of § 1473 superfluous. That isn't so.

Even if § 1471(e) did not exist, this proceeding does not fall within any of the exceptions to the general rule of § 1473(a) that the home court is the proper venue. Under three of the remaining subsections of § 1473, it is the trustee who is permitted certain other venue under specific circumstances or is permitted to use other venue for the benefit of the persons against whom he is proceeding. The fourth subsection provides for a choice of venue only to a holder of a claim that arose from the opera-

tion of a debtor's business after the filing of a bankruptcy case. Consequently, under the venue provisions a party seeking relief from the stay must file an action in the bankruptcy court for the district where the debtors commenced their bankruptcy case.